United States District Court
Southern District of Texas
**ENTERED**
January 15, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDDIE J. JOHNSON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: H-15-2123 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director of the Texas Department | § | |
| of Criminal Justice - Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation (Dkt. 6).

## Background

A jury convicted Eddie J. Johnson of aggravated sexual assault of a child under fourteen years of age and sentenced him to 50 years in prison. The Texas Fourteenth Court of Appeals affirmed his conviction on June 25, 2013. He did not file a petition for discretionary review with the Texas Court of Criminal Appeals. Johnson filed a state application for writ of habeas corpus on November 14, 2014. On February 4, 2015, the Texas Court of Criminal Appeals dismissed his application for failure to comply with applicable rules. Johnson filed this federal petition for writ of habeas corpus on July 15, 2015.

## Analysis

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a petition for habeas relief filed by a person in state custody is subject to a one-year period of limitations which runs from the latest of:

(A)     the date on which the judgment became final by the conclusion

of direct review or the expiration of the time for seeking such
review;

(B)     the date on which the impediment to filing an application
created by State action in violation of the Constitution or laws
of the United States is removed, if the applicant was prevented
from filing by such State action;

(C)     the date on which the constitutional right asserted was initially
recognized by the Supreme Court, if the right has been newly
recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of
due diligence.

28 U.S.C. § 2244(d)(1).

Johnson's conviction became final when his time for filing a petition for discretionary
review expired on July 25, 2013. His one-year statute of limitations under AEDPA expired
on July 25, 2014. Because his state application was filed after his federal limitation period
had already expired, it did not toll the limitations period. *Scott v. Johnson*, 227 F.3d 260, 263
(5th Cir. 2000).

In his response to respondent's motion, Johnson incorrectly argues that this federal
limitation period expires in February, 2016, one year after his state habeas application was
dismissed. Johnson has presented no grounds for equitable tolling of the statue of limitations
as recognized by *Holland v. Florida*, 560 U.S. 631 (2010). Therefore, Johnson's petition is
time-barred.

## Conclusion and Orders

The court recommends that Johnson's petition for writ of habeas corpus be denied

with prejudice as time barred.

The court further finds that Johnson has not made a substantial showing either that he was denied a constitutional right or that it is debatable whether this court is correct in a procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on January 15, 2016.


Stephen Wm Smith
United States Magistrate Judge